UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CASE NO. 21 Cr. 447 (CJN) |
| JOSEPH DANIEL HUTCHINSON III, : | |
| JOSHUA CHRISTOPHER DOOLIN, : | |
| MICHAEL STEVEN PERKINS, and : | |
| OLIVIA MICHELE POLLOCK, : | |
| : | |
| Defendants. : | |

### UNITED STATES' UNOPPOSED MOTION TO
### EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., the period of time from the date of this motion until July 28, 2022, the date of the next conference in this matter, on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

**FACTUAL BACKGROUND**

Defendants are charged via indictment with offenses related to crimes arising out of the breach of the United States Capitol on January 6, 2021 (the "Capitol Attack"). On July 13, 2022 a grand jury in this district returned a superseding indictment (the "Superseding Indictment") charging the defendants with Assaulting, Resisting of Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); Assaulting, Resisting of Impeding Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Theft of Government Property, in violation of 18 U.S.C. § 641; Theft in a

Federal Enclave, in violation of 18 U.S.C. § 661; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and Engaging in an Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

On June 21, 2022, the Court held a status conference in this case and scheduled an additional status conference for July 22, 2022.  At the end of the conference, the Court excluded the time between June 21 and July 22, 2022 from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  The July 22, 2022 status conference was subsequently adjourned until July 28, 2022..

Since the last conference, the Government has produced additional materials from the FBI case files relating to this investigation.  With the exception of a small set of materials relevant to the new charges in the Superseding Indictment, the bulk of discovery relevant to these particular defendants has been produced.  However, the Government is continuing to provide global discovery, including evidence from electronic devices used by other defendants that have been charged in connection with the Capitol Attack, their social media accounts, and other sources

which has not yet been identified or examined. Thus, the Government seeks the exclusion of time to disclose this additional discovery, allow counsel time to review and consider that discovery, and to engage in plea negotiations that could result in pretrial dispositions.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the

3

>reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The Government would like to engage in discussions regarding pretrial dispositions, intends to extend plea offers in this case in short order, and therefore requests additional time in which to do so. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel notified the defense of the filing of this motion on July 22, 2021. Defense counsel does not object to either the filing of the motion or the exclusion of time pursuant to the Speedy Trial Act.

WHEREFORE, the government respectfully requests that this Court exclude the period from the date of this motion through July 28, 2022 from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of

justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        DC Bar No. 481052

By:    */s/ Benet J. Kearney*
           BENET J. KEARNEY
           Assistant United States Attorney
           NY Bar No. 4474048
           1 Saint Andrew's Plaza
           New York, New York 10007
           Benet.Kearney@usdoj.gov
           (212) 637 2260