IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| v. * | Case No. 21-cr-0447-1 (CJN) |
| * | |
| **JONATHAN POLLOCK,** * | |
| **Defendant** * | |
| * | |

## MOTION TO DISMISS SELECT COUNTS AS MULTIPLICITOUS

Jonathan Pollock, by his undersigned counsel, hereby moves pursuant to FED. R. CRIM. PROC. 12(b) to dismiss Counts Two and Three; Seven and Ten; and Eighteen, Twenty, and Twenty-Two; as they charge the same offense in more than one count. He moves to dismiss the Civil Disorder, Assault, and § 1752 counts for the same reason.

### I.     Legal Standard

A defendant may move to dismiss specific counts of an Indictment on the basis that there is a "defect in the indictment or information" including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit a jury to" conclude that the defendant committed the criminal offense as charged. *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012); *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D. D. C. 2011).

### II.     Multiplicity

An indictment is defective if it charges the same offense in more than one count. *United States v. Cooper*, 886 F.3d 146, 149 (D.C. Cir. 2018). This is a problem known as multiplicity, which

may be addressed on a pretrial motion to dismiss under FED. R. CRIM. P. 12(b)(3)(B)(ii). *Id.*

> Multiplicity violates the Fifth Amendment's Double Jeopardy Clause, which "protects not only against a second prosecution for the same offense after acquittal or conviction" but also against "charg[ing] the same offense in more than one count" of a single indictment. *See* U.S. CONST. amend. V ("No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb ...."). Ordinarily, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test ... to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

*United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018).

A.   **Counts Two and Three Charge the Same Offense**

Both Count Two and Three allege that Mr. Pollack committed an assault on January 6, 2021 at 1:56 p.m. Count Two charges that he committed the assault with a dangerous and deadly weapon. Count Three does not allege the use of any weapon.

*Count Two* charges that:

> On or about January 6, 2021, at or around 1:56 p.m., within the District of Columbia, **JONATHAN DANIEL POLLOCK,** using a deadly and dangerous weapon, that is, a flagpole, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony. (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code, Sections 111(a)(1) and (b))

*Count Three* charges:

> On or about January 6, 2021, at or around 1:56 p.m., within the District of Columbia, **JONATHAN DANIEL POLLOCK** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, A.M. and M.L., both officers from the Metropolitan Police Department, and another police officer, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony. (Assaulting, Resisting, or Impeding Certain Officers, in violation of Title 18, United States Code, Sections 111(a)(1)).

As Count Two "does not require proof of any facts beyond what is required to prove" Count Three, "a conviction of the first offense would be impermissibly duplicative of a conviction of the second. *United States v. Johnson*, 4 F.4th 116, 119 (D.C. Cir. 2021).

### B.    Counts Seven and Ten Charge the Same Offense

The same defect infects Counts Seven and Ten. Both Count Seven and Ten allege that Mr. Pollack committed an assault on January 6, 2021 at 2:11 p.m. Count Ten alleges that he used a dangerous weapon; Count Seven does not allege the use of a dangerous weapon.

*Count Seven* charges:

> On or about January 6, 2021, at or around 2:11 p.m., within the District of Columbia, **JONATHAN DANIEL POLLOCK** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, B.R., an officer from the Metropolitan Police Department, and other police officers, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony. (Assaulting, Resisting, or Impeding Certain Officers, in violation of Title 18, United States Code, Sections 111(a)(1))

*Count Ten* charges:

> On or about January 6, 2021, at or around 2:11 p.m., within the District of Columbia, **JONATHAN DANIEL POLLOCK**, using a deadly and dangerous weapon, that is, a riot shield, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, J.G., an officer from the Metropolitan Police Department, and another police officer, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony. (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of Title 18, United States Code, Sections 11l(a)(1) and (b)).

As Count Ten "does not require proof of any facts beyond what is required to prove" Count Seven, "a conviction of the first offense would be impermissibly duplicative of a conviction of the second. *United States v. Johnson*, 4 F.4th at 119.

### C. The § 1752 Offenses – Counts Eighteen, Twenty and Twenty-Two Charge the Same Offense

These three charges do not require proof of any facts beyond what is required to prove one of the other offenses. Count Eighteen charges that Mr. Pollock entered and remained in a restricted area and in relation to the offense carried and used a weapon (a riot shield or flagpole). Count Twenty charges that Mr. Pollock engaged in disorderly and disruptive conduct in a restricted area and in relation to the offense carried and used a weapon (a riot shield or flagpole). Count Twenty-Two charges that Mr. Pollock engaged in an act of physical violence in a restricted area and in relation to the offense carried and used a weapon (a riot shield or flagpole). Thus, conviction on all three counts "would be impermissibly duplicative of a conviction" on the other counts.

**III.     The Assault, Civil Disorder and § 1752 Counts Also Charge the Same Offense**

Courts have recognized that charging the same offense in multiple counts can "unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994) (quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), *abrogated on other grounds, United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001)); *see also United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes") (quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981)); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

In this case, the government has charged Mr. Pollock with 17 different counts arising out of essentially the same conduct. The various counts overlap and in effect charge the same conduct. They all allegedly took place on January 6, 2021 on Capitol Grounds. They all allege that the various offenses impeded, obstructed and interfered with law enforcement officers in one way or another. They allege that five different times during that 2-hour period, Mr. Pollock assaulted an officer. In some instances, they allege that Mr. Pollack possessed a dangerous weapon, not a gun or a knife but a flag pole or a riot shield. In other words, the government has taken a single course of conduct during those two hours and separated them out into 17 separate crimes.

**A.     Civil Disorder.** Count One charges Mr. Pollock with engaging in civil disorder on January 6, 2021 between 1:56 p.m. and 2:12 p.m. The Indictment then charges five additional offenses that essentially amount to the same offense during that same 16 minute span.

(a)     Count Two then charges assault with a dangerous weapon at 1:56 pm.

5

    (b)       Count Three charges assault, without any reference to a weapon at 1:56 pm.

    (c)       Count Six charges an assault at 2:04 p.m.

    (d)       Count Seven charges an assault at 2:11 p.m.

    (e)       Count Ten charges an assault with a dangerous weapon at 2:11 p.m.

**B.**    **Civil Disorder.**  Count Thirteen alleges another civil disorder at 2:58 p.m.

    (a)       Count Fourteen charges an assault at 2:58 p.m.

**C.**    **Civil Disorder.**  Count Fifteen charges a civil disorder between 4:18 and 4:46 p.m.

    (a)       Count Seventeen charges an assault at 4:32 p.m.

**D.**    **§ 1752 Offenses - Conduct in a Restricted Area – the Capitol Grounds**

    (a)       Count Eighteen charges that he used and carried a weapon (flagpole or riot shield).

    (b)       Count Twenty charges disorderly or disruptive conduct and used and carried a weapon (flag pole or riot shield).

    (c)       Count Twenty-Two charges engaged in an act of physical violence and used and carried a weapon (flag pole or riot shield).

## CONCLUSION

For all these reasons, these counts of the indictment should be dismissed as they charge thes same offense in multiple counts.

                                                    Respectfully submitted,

                                                     /s/ Carmen D. Hernandez
                                                     Carmen D. Hernandez
                                                     Bar No. MD 03366
                                                     7166 Mink Hollow Rd
                                                     Highland, MD 20777
                                                     240-472-3391
                                                     chernan7@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that the instant Motion was served this 18th day of August, 2024, via ECF on all counsel of record.

                                        /s/ *Carmen D. Hernandez*
                                        **Carmen D. Hernandez**