## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **Case No.  21-CR-0447-1 (CJN)** |
| | * | |
| **JONATHAN POLLOCK**, | * | |
| **Defendant** | * | |
| | * | |

**ooOoo**

## MOTION TO DISMISS COUNTS CHARGING
## VIOLATIONS OF 18  U.S.C. § 111

Jonathan Pollock, through undersigned counsel, hereby respectfully moves to dismiss Counts Two, Three, Six, Seven, Ten, Fourteen and Seventeen of Indictment (ECF 302), pursuant to Rule 12(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE, or, in the alternative, for a pretrial determination that the government must prove beyond a reasonable doubt that Mr.  Pollock assaulted an officer, employee, or any other person identified in the assault counts in order to convict him under 18 U.S.C. § 111.

## INTRODUCTION

The Indictment charges Mr. Pollock in Counts Two, Three, Six, Seven, Ten, Fourteen and Seventeen  with violating section 111(a) of Title 18.  The Court should dismiss these counts because the Indictment fails to sufficiently charge the offense and place Mr. Pollock on notice of the charge he faces at trial. A violation of section 111(a), whether as a misdemeanor or a felony, requires the government to allege and prove beyond a reasonable doubt that Mr. Pollock assaulted a particular person covered by § 111, as an element of the offense charged.  These counts do not do so with respect to all the ways it alleges Mr. Pollock violated the statute; namely, it does not do so with

respect to its allegations of resisting, opposing, impeding, intimidating, and interfering with. This matters because, *inter alia*, an assault requires an intent to injure the victim, a present ability to do so, and reasonable apprehension of immediate bodily harm. *See, e.g., United States v. Hathaway*, 318 F.3d 1001, 1007 (10th Cir. 2003); *United States v.Chapman*, 528 F.3d 1215, 1219-20 (9th Cir. 2008). *See also United States v. Egtvedt*, 1:21-cr-177-CRC, ECF No. 105, at 4 (D.D.C. Dec. 9, 2022) (government's proposed jury instruction for "assault"). Because the Superseding Indictment does not allege all required elements necessary to violate section 111 in the ways alleged, the Court should dismiss Counts Two, Three, Six, Seven, Ten, Fourteen and Seventeen.

## STATUTORY HISTORY AND FACTUAL BACKGROUND

## I.     The Structure and History of Section 111(a)

Prior to January 6, 2021, section 111 was last amended in 2008.[1] *See* Pub. L. 110-177, title II, § 208(b), Jan. 7, 2008, 121 Stat. 2538. Prior to the 2008 amendment, section 111 provided:

(a) In General. – Whoever –

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties;[2] or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

---

[1]   On November 18, 2021, an additional provision, at subsection (c) was added that is irrelevant to this case, stating: "(c) Extraterritorial jurisdiction.—There is extraterritorial jurisdiction over the conduct prohibited by this section." Pub. L. 117-59, § 3(1), Nov. 18, 2021, 135 Stat. 1469.

[2]   18 U.S.C. § 1114 addresses the killing or attempted killing of "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services)."

shall, where the acts in violation of this section constitute only ***simple assault***, be fined under this title or imprisoned not more than one year, or both, and ***in all other cases***, be fined under this title or imprisoned not more than 8 years, or both.

(b)   Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (2007) (emphasis added).

Under the 2008 amendment, subsections (a)(1), (a)(2), and (b) remained the same, but Congress revised the hanging paragraph in subsection (a) to replace the felony penalty provision phrase "in all other cases" with specific aggravating factors: "where such acts involve physical contact with the victim of that assault or the intent to commit another felony." Pub. L. 110-177, title II, § 208(b), Jan. 7, 2008, 121 Stat. 2538. Section 111(a), as amended in 2008 and as applicable to this case, provides:

(a) In General.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only ***simple assault***, be fined under this title or imprisoned not more than one year, or both, and ***where such acts involve physical contact with the victim of that assault or the intent to commit another felony***, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111 (emphasis added).  In sum, the 2008 amendment specified in further detail the non-misdemeanor "other cases" described in the prior version of the statute to encompass physical contact

with the victim of the assault or the intent to commit another felony.

In floor remarks during the Senate's consideration of the 2008 amendment, Senator Jon Kyl of Arizona explained that the 2008 amendment,

> clarifies an assault offense that was created by Congress in 1994. The offense establishes penalties for simple assault, assault with bodily injury, and for assault in "all other cases." As one might imagine, the meaning of assault in "all other cases" has been the subject of confusion and judicial debate. The offense has also been the subject of constant vagueness challenges, and although those legal challenges have been rejected, the offense is rather vague. Section 208 takes the opportunity to correct this legislative sin, ***codifying what I believe is the most thoughtful explanation of what this language means, the 10th Circuit's decision in United States v. Hathaway, 318 F.3d 1001, 1008-09, 10th Cir. 2003.***

153 Cong. Rec. S15789-90 (Dec. 17, 2007) (emphasis added).

In *Hathaway*, the case Senator Kyl cited, the Tenth Circuit held that section 111(a) at the time proscribed two offenses: "simple assault" and "'all other cases' assault." 318 F.3d at 1007-08. First, *Hathaway* defined assault based on the common law as a "willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Id.* at 1008. It then defined "simple assault" to mean "assault which does not involve physical contact, a deadly or dangerous weapon, bodily injury, or the intent to commit murder or another felony other than those referred to in § 113(a)(2)." *Id.* With "simple assault" defined, and recognizing that subsection 111(b) already provided enhanced penalties for use of a deadly or dangerous weapon or an assault inflicting bodily injury, *Hathaway* defined "all other cases" assault as involving the remaining aggravating factors of common law assault – "assault that involves actual physical contact or the intent to commit murder or any felony other than those referred to in § 113(a)(2) but does not

4

involve a deadly or danger weapon or bodily injury." *Id.* at 1008-09.

With those three offenses defined, *Hathaway* further held that "either actual physical contact or the intent to commit murder or any felony other than those referred to in § 113(a)(2) is a required and essential element of the felony offense of 'all other cases' assault under § 111(a)."[3] *Id.* at 1009. As discussed further below, the Tenth Circuit later confirmed unequivocally that a violation of section 111(a)(1), as amended in 2008, "necessarily involves – at a minimum – simple assault." *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016).

## II.     The Assault Counts in the Superseding Indictment

*Count Two* of the Indictment charges that Mr. Pollock:

> using a deadly and dangerous weapon, that is, a flagpole, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact *with the victim* and the intent to commit another felony.

ECF 302 at 2. In pertinent part, *Count Ten* is identical to the language quoted above. *See* ECF 302 at 6. The only exception is that the "dangerous weapon" referenced in Count Ten is a "riot shield."

*Count Three* of the Indictment charges that Mr. Pollock:

> did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and

---

[3]   18 U.S.C. § 113(a)(2) at the time addressed "[a]ssault with intent to commit any felony, except murder or a felony under chapter 109A." Chapter 109A of Title 18 addresses sexual abuse. In any event, this exception described in *Hathaway* ultimately was not codified in the 2008 amendment. Section 113(a)(2) now cross-references only sections 2241 and 2242 in chapter 109A.

> employee, that is, A.M. and M.L., both officers from the Metropolitan Police Department, and another police officer, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact *with the victim* and the intent to commit another felony.

ECF 302 at 3.  In pertinent part, *Counts Six, Seven, Fourteen and Seventeen* are identical to the language quoted above.  *See* ECF 302 at 4-5, 7-9.  The only difference is a reference to MPD officers,  different from the ones identified above.  These differences are not material to the instant motion.

Notably, given that the verbs "assault, resist, oppose, impede, intimidate, and interfere with" must be read in the disjunctive, *United States v. Lemire*, 720 F.2d 1327, 1345 (D.C. Cir. 1983) ("The correct method of pleading alternative means of committing a single crime is to allege the means in the conjunctive."), the Indictment does not allege that Mr. Pollock must have assaulted any particular person to be convicted, including any officer identified by initials in the Count.  The Indictment also does not even fully recite the statutory language, as it does not include the phrase "of that assault" after the phrase "physical contact with the victim," as provided in section 111(a), further underscoring that these Counts, as written, do not require the government to prove an assault in order to secure a conviction, as required by the statute.

## ARGUMENT

### I.    Standard for a Rule 12(b) motion to dismiss an indictment

Rule 7 of the Federal Rules of Criminal Procedure provides that "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). This rule performs several constitutionally required

functions, including protecting against prosecution for crimes based on evidence not presented to the grand jury, as required by the Fifth Amendment. *See*, *e.g.*, *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).  Rule 12 provides that a defendant may move to dismiss the pleadings on the basis of a "defect in the indictment or information," including a "lack of specificity" and a "failure to state an offense."  FED. R. CRIM. P. 12(b)(3)(B)(iii),(v). It also permits such a motion on the basis of a "defect in instituting the prosecution," including "an error in the grand-jury proceeding."  FED. R. CRIM. P. 12(b)(3)(A)(v).  *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (an indictment must "fairly inform[] a defendant of the charge against which he must defend" and "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged").

"In federal prosecutions, '[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury' alleging all the elements of the crime." *Harris v. United States*, 536 U.S. 545 (2002) (quoting U.S. Const. amend. V and citing *Hamling*, 418 U.S. at 117), *overruled on other grounds by Alleyne v. United States*, 570 U.S. 99 (2013). Although "[i]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, … those words themselves [must] fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (quotations omitted).

II.   **The Assault Counts should be dismissed for failure to state an offense and for failure to fairly inform Mr. Pollock of the offense with which he is charged because it does not sufficiently allege that, in resisting, opposing, intimidating, and interfering with any officer or other designated, he assaulted him/her, a required element under any variation of section 111.**

   A.   **An assault is a required element of any offense under 18 U.S.C. § 111.**

   1.   *The plain meaning of the language of the statute, its structure, its legislative history and persuasive authority all support an interpretation of section 111(a) that requires assaultive conduct.*

To convict Mr. Pollock of violating section 111, whether as a misdemeanor or felony, the indictment must allege, and the government must prove beyond a reasonable doubt, that he assaulted the person identified in the Count. In order to convict Mr. Pollock of a felony under section 111(a), the government must allege and prove beyond a reasonable doubt that the assault involved physical contact or an intent to commit another felony. This is confirmed by the text of the statute, its structure, the relevant legislative history, and the case law.

With respect to the text, section 111(a) delineates two offenses. First, where the "acts in violation of this section constitute only simple assault," the offense is a misdemeanor punishable by a fine and/or imprisonment of not more than one year. 18 U.S.C. § 111(a). The phrase "acts in violation of this section" in the misdemeanor penalty provision refers to the acts of assaulting, resisting, opposing, impeding, and interfering. The plain language therefore provides that, in order to be a misdemeanor, any of those "acts" must constitute "simple assault." *United States v. Vallery*, 437 F.3d 626, 633 (7th Cir. 2006). Thus, it is unquestionable that, in order to be convicted of a misdemeanor under any one of section 111(a)'s *actus reus* verbs, Mr. Pollock must be found guilty of an assault and, in particular, a simple assault.

8

Second, the statute sets forth the elements of a felony conviction under section 111(a).  Here, the description of the misdemeanor is relevant.  As noted, it is a misdemeanor under section 111(a) if the defendant's actions constitute "*only* simple assault." § 111(a) (emphasis added).  The inclusion of the word "only" sets off the misdemeanor from a felony and underscores that a felony conviction requires *more than* simple assault.  If the assault is only a simple assault, then the offense is a misdemeanor, but if it is more than a simple assault, it is a felony.

This requirement that a felony conviction involve an assault is further confirmed by the language describing the additional requirements for a felony in the penalty provision of section 111(a).  Namely, to commit a felony, defendant's actions must "involve physical contact with the victim of *that assault* or intent to commit another felony" *Id.* (emphasis added).  Together with the use of the words "only simple assault" to describe a misdemeanor, this explicit reference in the felony version back to the "simple assault" confirms that both the misdemeanor and felony offenses under section 111(a) share assault as an element. *See United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008) (the "use of the word 'assault' in the description of both misdemeanors and felonies" in the 2008 amendment" strongly suggests that an assault is required for a section 111(a) conviction).  Moreover, as discussed above, the inclusion of both the "physical contact" and "intent to commit another felony" prongs in the felony penalty provision are taken from the common-law definition of felony assault.  *Hathaway*, 318 F.3d at 1008-09.

The statute's structure also confirms that a felony 111(a) conviction requires an assault.  "[F]or [a] statute to be constitutional, it must draw a line between that conduct which constitutes a misdemeanor offense and that which constitutes a felony." *Chapman*, 528 F.3d at 1220 (citing *United States v. Batchelder*, 442 U.S. 114, 123 (1979) ("[V]ague sentencing provisions may pose

9

constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute.")). "Moreover, this line must be sufficiently clear that a reasonable person would be put on notice of the potential criminality of his conduct." *Id.* (citing *Batchelder*, 442 U.S. at 123). In order for section 111(a) to meet this constitutional requirement, it must be construed to require an assault for either a misdemeanor or a felony. For example, to hold that a misdemeanor does not require an assault, even though the statute says it does, would fail to give a reasonable person notice that they may be criminally liable for an action that does not involve at least a simple assault. And if a misdemeanor required an assault but a felony did not, the statute perversely would provide for a misdemeanor for a defendant who commits a simple assault on a federal officer while resisting, opposing, impeding, or interfering with the officer's duties but a felony if the resisting, opposing, impeding, or interfering did not involve an assault.

To illustrate the unconstitutionality of such a scheme, the government could simply omit the word assault from the indictment and charge a defendant with only resisting, opposing, impeding, or interfering to avoid a lesser-included misdemeanor. *Vallery*, 437 F.3d 626 at 634. Or, if "assault" is included in the indictment, but the factfinder determines that no assault occurred, what would otherwise be a misdemeanor is converted into a felony, even though the defendant would be less culpable than if the factfinder had found the defendant was also guilty of an assault. Such an interpretation of the statutory scheme is both nonsensical and unconstitutional.

This interpretation is confirmed by persuasive case law. Most recently, the Tenth Circuit in *Wolfname* held that "the government must prove assault when it alleges a defendant violated § 111(a)(1) by resisting, opposing, impeding, intimidating, or interfering with – rather than assaulting – an officer." 835 F.3d at 1218. In so holding, *Wolfname* relied on the Tenth Circuit's earlier decision

10

in *Hathaway*, discussed above and codified in the section 111(a) penalty provision applicable to this case. *Wolfname* reviewed that the issue in *Hathaway* was whether section 111 sets forth separate offenses with separate elements or a single offense with separate sentencing factors. 835 F.3d at 1217. As reviewed above, at the time *Hathaway* was decided, section 111 also provided for two levels of punishment under subsection (a), but it used more general language for the felony: a misdemeanor where the acts in violation of the statute "constitute only simple assault," as it states now, and a felony "in all other cases." *Id.* at 1217-18 (citing *Hathaway*, 318 F.3d at 1005). *Wolfname* then noted that *Hathaway* held that the phrase "all other cases" means the offense involves an "assault that involves actual physical contact or the intent to commit [certain felonies] but does not involve a deadly or dangerous weapon or bodily injury." *Id.* at 1218 (quoting *Hathaway*, 318 F.3d at 1008. *See also United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017) ("Although one can violate § 111 in a number of ways – by assaulting, resisting, opposing, impeding, intimidating, or interfering with a designated official – every conviction under § 111 requires an assault.").

The government in *Wolfname* argued that *Hathaway* was inapplicable because Congress had amended section 111 in the interim in 2008, as discussed above. The court rejected this argument, finding that "the 2008 amendment didn't controvert our holding in *Hathaway*; instead, it effectively codified it." 835 F.3d at 1220. As *Wolfname* explained, "*Hathaway* appears not only to have survived the 2008 amendment to § 111(a), but perhaps to have inspired it. *Id.* at 1223 (citing 153 Cong. Rec. S15789-01 (daily ed. Dec. 17, 2007) (statement of Sen. Kyl)). Just as *Hathaway* held that a felony under 111(a) is an "assault that involves actual physical contact or the intent to commit [certain felonies] but does not involve a deadly or dangerous weapon or bodily injury," *Id.* at 1008, the 2008 amendment replaced "all other cases" with the substantively identical phrase from *Hathaway*

11

"involves physical contact or intent to commit another felony." *See also Chapman*, 528 F.3d at 1219 (recognizing that the 2008 amendment adopted the approach of *Hathaway*).

The Second and Ninth Circuits have agreed with the Tenth Circuit's approach. *See United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012) (holding that a misdemeanor under section 111(a) requires a simple assault); *Chapman*, 528 F.3d at 1221 (holding that convictions under section 111 "require at least some form of assault"). *See also United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999) (holding that section 111 criminalized three categories of conduct: (1) assaults that do not involve physical contact (misdemeanor); (2) assaults that do involve physical contact (felony); and (3) assaults that involve a deadly or dangerous weapon or bodily injury (felony)).

Notwithstanding the text and structure of the statute, some circuit courts have disagreed that a conviction under section 111 requires an assault. *See United States v. Stands Alone*, 11 F.4th 532 (7th Cir. 2021); *United States v. Briley*, 770 F.3d 267, 272 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009). None of these cases is persuasive. And notably, none of them cites Senator Kyl's remarks confirming that Congress intended to codify *Hathaway* by the 2008 amendment. Indeed, *Gagnon* was effectively superseded by statute because it interpreted the phrase "all other cases" under the old law, and explicitly rejected *Hathaway*, which was then codified by the 2008 amendment. *Gagnon*, 553 F.3d at 1022.

These cases argue, for example, that they are obligated to give meaning to every word of the statute if possible and that requiring an assault for a conviction under section 111(a) would render superfluous the verbs "resists, opposes, impedes, intimidates, and interferes." *See, e.g., Stands Alone*, 11 F.4th at 535; *Briley*, 770 F.3d at 273-74; *Williams*, 602 F.3d at 317 (discussing *Gagnon*);

12

*Gagnon*, 553 F.3d at 1026.

The use of the disjunctive "or" between words, however, does not require each of them to have a unique and non-overlapping meaning. *See, e.g., United States v. Olano*, 507 U.S. 725, 732 (1993) (reading "error or defect" to mean "error"). As Justice Scalia has explained, the principle of giving each word some effect *if possible* "should [not] be applied to the obvious instances of iteration to which lawyers, alas, are particularly addicted – such as 'give, grant, bargain, sell, and convey,' 'aver and affirm,' 'rest, residue, and remainder,' or 'right, title, and interest.'" *Moskal v. United States*, 498 U.S. 103, 120-21 (1990) (Scalia, J., dissenting). *See also CFPB v. ITT Educ. Servs., Inc.*, 219 F. Supp. 3d 878, 908 n.26 (S.D. Ind. 2015) (applying Justice Scalia's reasoning in *Moskal* to the phrase "engaged or participated"). Indeed, perhaps the most well-worn federal criminal statutes – the fraud statutes in Chapter 63 of Title 18 – are structured in exactly this way.

For example, the wire fraud statute criminalizes "any scheme or artifice to defraud, *or* for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1343 (emphasis added). Yet, the Supreme Court in *McNally v. United States* explained that the second phrase after "or" in the wire fraud statute was simply intended to make the scope of the first phrase "unmistakable." 483 U.S. 350, 358-59 (1987).

Section 111(a) involves precisely this type of iterative list for which the canon to avoid superfluous language "if possible" does not apply. For example, were the Court required to interpret "impede," the definition would almost certainly render the term "interfere" superfluous because the

13

terms are synonyms.[4]  Similarly, any definition of "opposes" would encompass the definition for

"resists," rendering the latter extraneous, for one cannot resist something without opposing it.[5]

Intimidation is encompassed within assault as intimidate means "to make timid or fearful."[6]  Finally,

it is difficult to imagine an assault on a law enforcement officer while engaged in or on account of

their official duties that would not also involve impeding, interfering with, and opposing the officer,

which would render the term "assault" superfluous.

Moreover, the cases holding that an assault is not required to violate section 111(a) do no

better at giving meaning to all parts of the text.  In *Gagnon*, the Court simply ignored the plain

meaning of the text, concluding that "simple assault" does not mean "simple assault."  Rather, the

court argued that "simple assault" has some special meaning, "a term of art that includes the forcible

performance of any of the six proscribed actions in § 111(a) *without* the intent to cause physical

contact or to commit a serious felony." 553 F.3d at 1026.  In other words, the court in *Gagnon*

rendered the term "simple assault" to be superfluous.  This also violates the canon of construction

that, "where a federal criminal statute uses a common-law term of established meaning without

otherwise defining it, the general practice is to give that term its common-law meaning."  *United*

*States v. Turley*, 352 U.S. 407, 411 (1957).  *Gagnon* ignores this tenet.

---

[4]  "Impede" means "to interfere with or slow the progress of." Impede, Merriam-Webster, *available at* www.merriam-webster.com/dictionary/impede. The relevant meaning of "interfere" is "to interpose in a way that hinders or impedes: come into collision or be in opposition."  Interfere, Merriam-Webster, *available at* www.merriam-webster.com/dictionary/impede.

[5]  "Oppose" means "to place over against something so as to provide resistance, counterbalance, or contrast." Oppose, Merriam-Webster, *available at* www.merriamwebster.com/dictionary/oppose. "Resist" means "to exert force in opposition." Resist, Merriam-Webster, available at www.merriam-webster.com/dictionary/resist.

[6]  Intimidate, Merriam-Webster, available at www.merriam-webster.com/dictionary/intimidate.

*Williams* relies almost exclusively on *Gagnon*. 602 F.3d at 318 ("We adopt the Sixth Circuit rule and hold that a misdemeanor conviction under § 111(a) does not require underlying assaultive conduct.")   *Williams* also attempted to distinguish the Ninth Circuit's decision in *Chapman* by suggesting that the 2008 amendment addressed the ambiguity *Chapman* had identified. Specifically, the Ninth Circuit had reasoned: "To hold that non-assaultive conduct was proscribed by the statute would lead to absurd results, the Ninth Circuit suggested, because 'in cases of mere resistance, it is not at all clear that resistance with physical contact is any more culpable than resistance without such contact, especially when … the physical contact is initiated by the *arresting* officer.'" *Williams*, 602 F.3d at 317 (quoting *Chapman*, 528 F.3d at 1221). *Williams* reasoned that "Congress addressed the ambiguity identified by the Ninth Circuit by explicitly drawing the misdemeanor/felony line at physical contact, but it declined the opportunity to delete the other forms of conduct proscribed by the statute or to otherwise clarify that § 111(a)(1) convictions require an underlying assault." *Id*. To the contrary, the 2008 amendment codified *Hathaway*, which held that both the misdemeanor and felony required assaultive conduct. Indeed, if it did not, the absurd result would be even more absurd because assaultive resistance would be needed for a misdemeanor but not a felony.

These cases also argue that the construction requiring an assault produces an "absurd result." As *Briley* argued, if an assault were required, a "person could use force to resist federal officials, to oppose them, impede them, to intimidate them, and to interfere with them" and still "escape the reach of § 111" so long as the actions do not constitute assault. *Briley*, 770 F.3d at 274; *Stands Alone*, 11 F.4th at 536.  This, again, ignores the plain meaning of the requirement that a misdemeanor requires a "simple assault."  *Briley*, for example, reasoned that the felony clause "refers back to the original list of [six] violative acts against current or former officials." 770 F.3d at 273.  That is the point,

though. All six of those violative acts require an assault. Contrary to *Briley's* reasoning, the defense's proposed interpretation does not "rip[] a big hold in the statutory scheme." *Id.* at 274. It clarifies that an act of resisting, opposing, impeding, intimidating, or interfering must rise to the level of an assault, whether simple assault or a felony assault.[7]

*Briley* also gets the legislative history wrong. As the court in *Briley* noted, "Congress enumerated these six verbs in the disjunctive. Why would Congress, in the same subsection, then swiftly render five of these verbs extraneous or defunct?" 770 F.3d at 267. This question appears to reveal an incorrect understanding of the sequence in which the parts of the statute were enacted. As discussed above, the penalty provisions applicable to this case were amended in 2008, well after the original enactment enumerated the acts in subsection (a)(1). If anything, the latter enacted provision should be read to clarify or correct the previously enacted statute. Indeed, that is exactly what Senator Kyl explained the amendment was meant to do. 153 Cong. Rec. S15789-90 (Dec. 17, 2007).

The most recent circuit court decision, *Stands Alone*, is inapposite and unconvincing. *Stands Alone* addressed a defendant convicted of violating section 111(b), not 111(a). Subsection (b) does not contain the same delineation between a misdemeanor and a felony based on different types of assault. Rather, section 111(b) states: "Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon … or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both." Indeed, the Seventh Circuit decided another

---

[7] *Briley* also indicated that its holding may be limited to its facts. Rather than disagree with the Second Circuit in *United States v. Davis*, it explained that *Davis* "involved primarily passive resistance" to the officers, "compared with Briley's active, forcible actions against the Park Police." *Id.* at 275 ("Given the statute's crucial adverb—"forcibly"—the factual distinctions are significant. Notably, *Briley* did not address the prior decisions in *Chestaro, Vallery, Chapman*, and *Hathaway* in the Second, Seventh, Ninth, and Tenth Circuits, respectively.

case before *Stands Alone* that addressed section 111(a) directly and held that the "the simple assault provision of § 111(a) applies to all violations of § 111(a), not merely 'assaults.'" *Vallery*, 437 F.3d at 633.  Importantly, *Stands Alone* did not overrule *Vallery* and instead found that it had "limited applicability" because it did not address "whether assault is an essential element of *every* § 111 offense nor implicated an interpretation of subsection (b), as here." *Stands Alone*, 111 F.4th at 536 (emphasis added) ("*Vallery* does not answer the question here.").  Both reasons cited to distinguish *Vallery*, however, ultimately rely on the fact that the *Vallery* did not address subsection (b). Thus, *Vallery* remains good law in the Seventh Circuit.[8]

Indeed, while the Seventh Circuit thought *Vallery* did not answer the question in *Stands Alone* regarding section 111(b), it does answer the question here regarding section 111(a).  In *Vallery*, which was decided in 2006, prior to the 2008 amendment codifying *Hathaway*, the issue was whether the indictment properly alleged a felony offense under section 111(a), just like here.  437 F.3d at 628. The indictment alleged in relevant part that the defendant "did knowingly and forcibly assault, resist, impede, and interfere with [a federal correctional officer] …." *Id.* at 629.  It did not allege physical contact.[9] The government argued that, while physical contact is normally necessary to make an assault a felony, physical contact is not required for felonious resisting, opposing, impeding, intimidating, or interfering. *Id.* at 630.  "There is no dispute that 'simple assault' is a crime 'committed by either a

---

[8]   *Stands Alone* also did not address the Second Circuit decisions in *Chestaro* and *Davis* or the Ninth Circuit's decision in *Chapman*.

[9]   The *Vallery* court repeatedly referred to the misdemeanor and felony crimes under section 111(a) as "assault."  Specifically, it described that section 111 covers "three separate offenses:  first, misdemeanor simple *assault* under § 111(a); second 'all other cases' felony *assault* under § 111(a); and third, felony *assault* involving a deadly or dangerous weapon or resulting in bodily injury under § 111(b)." *Id.* at 630 (emphasis added). It then repeated that the two offenses in section 111(a) are "simple *assault* and felony 'all other cases' *assault*." *Id.*

willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" *Id.* at 631. "Under any formulation of simple assault, the facts alleged by *Vallery's* indictment do not give rise to 'all other cases' assault unless the simple assault provision applies only to the word 'assaults' and not to 'resists, opposes, impedes, intimidates, or interferes with." *Id.* at 632. Further supporting *Vallery's* holding that at least simple assault is required for all actions under section 111(a), the court cited the fact that the misdemeanor penalty provision applies where the "acts in violation of this *statute* constitute only simple assault," *id.* at 633, in other words all of the acts enumerated in section 111(a)(1). Against this precedent, *Stands Alone* is nonsensical unless it is limited to subsection (b).

2.   *The rule of lenity would require a construction in Mr. Pollock's favor that would require an assault to be convicted of violating section 111(a).*

Even if section 111(a) could be interpreted as the government would want – *i.e.*, that a person may be convicted under section 111(a) without the government proving an assault beyond a reasonable doubt – it is plainly not unambiguously so. If the defense's proposed construction renders terms superfluous, the government's interpretation renders the term "simple assault" meaningless and wreaks havoc with the structural division between a misdemeanor simple assault and a felony. The circuit split provides additional support that the statute is at least ambiguous. Even *Gagnon* recognizes that the statute "contains two ambiguities. First, it distinguishes between misdemeanor and felony conduct by use of the undefined term 'simple assault.' Second, and central to this case, the statute appears to outlaw several forms of conduct directed against federal officers." 602 F.3d at 315-16. Because the government's proposed interpretation is not unambiguously correct, the Court is

18

required under the rule of lenity to resolve such ambiguities in Mr. Pollock's favor by dismissing the assault counts or applying a conclusion of law that requires an assault to be convicted under section 111(a). *United States v. Granderson*, 511 U.S. 39, 54 (1994); *United States v. Santos*, 553 U.S. 507, 515 (2008).

> **B.     The Assault Counts in the Indictment should be dismissed because they fail to state an offense and to allege assault in a way that fairly informs Mr. Pollock that an assault is a required element to convict Him of an offense under section 111(a).**

"An indictment's primary purpose is 'to inform the defendant of the nature of the accusation against him.'" *United States v. Harmon*, 474 F. Supp. 3d 76, 86 (D.D.C. 2020) (quoting *Russell v. United States*, 369 U.S. 749, 767 (1962)). The indictment must "fairly inform[] a defendant of the charge against which he must defend" and "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18. These requirements exist to ensure that defendants' constitutional rights are protected. "The notice requirement is established in the Sixth Amendment, which provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]'" *United States v. Saffarinia*, 424 F. Supp. 3d 46, 57 (D. D.C. 2020) (internal quotation and citation omitted). "A valid indictment also preserves the Fifth Amendment's protections against abusive criminal charging practices; specifically, its guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed up on, and that a defendant who is convicted of a crime so charged cannot be prosecuted again for that same offense." *Id.*

An indictment must "first, contain[] the elements of the offense charged and fairly inform[]
a defendant of the charge against which he must defend, and, second, enable[] him to plead an
acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117.
"The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of
the charge as stated in the indictment." *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980).
"An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the
accusation against him … is defective." *Russell*, 369 U.S. at 675.

Here, it would be unfair to require Mr. Pollock to defend himself against the assault counts
where the government has not properly charged him under section 111(a) by failing to require a
finding of assault. Although the "generally applicable rule is that the indictment may use the language
of the statute … that language must be supplemented with enough detail to apprise the accused of
the particular offense with which is charged." *Conlon*, 628 F.2d at 155. Here, the indictment does
not apprise Mr. Pollock that he must have assaulted a particular person in order for the government
to convict him of resisting, opposing, impeding, intimidating, or interfering with a law enforcement
officer.

The indictment fails on multiple levels. First, and most obviously, the government did not
even correctly track the statute, but rather omitted a key phrase inconsistent with the government's
interpretation of the statute. Specifically, although the statute requires that the "acts in violation of
this section involve physical contact with the victim *of that assault*," the Indictment merely alleges
"physical contact with the victim," without apprising Mr. Pollock that the "victim" must be a victim
of assault.

Second, the indictment fails to specify that in order to convict Mr. Pollock on the basis of

resisting, impeding, intimidating, and interfering with an officer (whether identified in the count or not), the government must prove that such acts involved an assault, as discussed above.

Third, the indictment fails to specify that, in order to convict Mr. Pollock of a felony violation of section 111(a) based on intent to commit another felony and resisting, impeding, intimidating, and interfering with an officer, the government must prove that such acts involved an assault, as is found in *Hathaway*'s interpretation of the common-law meaning of assault, which was codified by the 2008 amendment.

At trial, the defense will contend that there is not proof beyond a reasonable doubt Mr. Pollock assaulted any officer, even if he is found to have resisted, opposed, impeded, intimidated, or interfered with an officer, including because he did not intend to injure the officer. *See Wolfname*, 835 F.3d at 1222 (due to failure to instruct the jury of the assault requirement there is "a reasonable probability the jury would have reached a different verdict" because the defendant "unequivocally denied that he intended to injure [the officer]"). Given that assault is a required element of an offense under section 111, the government was required to apprise Mr. Pollock in the Indictment of this requirement for conviction.

## CONCLUSION

For all the foregoing reasons, Mr. Pollock respectfully requests that the Court hold that, under section 111, an assault is required to indict and convict Mr. Pollock. Because the assault counts does not correctly allege assault as a required element for all the ways in which the Indictment alleges Mr. Pollock violated the statute (*i.e.*, resisting, opposing, impeding, intimidating, and interfering), the Court should dismiss Counts Two, Three, Six, Seven, Ten, Fourteen and Seventeen of Indictment.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 19th day of August, 2024.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**