# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 21-CR-00447 (CJN)** |
| | : | |
| JONATHAN DANIEL POLLOCK, | : | |
| JOSEPH DANIEL HUTCHINSON, III, | : | |
| OLIVIA MICHELE POLLOCK, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE

The defendants – Jonathan Daniel Pollock ("Jonathan Pollock"), Joseph Daniel Hutchinson III ("Hutchinson"), and Olivia Michele Pollock ("Olivia Pollock") – are charged in the Second Superseding Indictment, ECF No. 302, with multiple offenses arising out of their conduct at the U.S. Capitol on January 6, 2021.   Hutchinson and Olivia Pollock are also charged in the same instrument with failing to appear for their respective trial dates in 2023.   All three defendants were arrested at a ranch in Florida – Hutchinson and Olivia Pollock for the second time – on January 6, 2024.   The government hereby provides notice that it intends to introduce evidence regarding (a) the FBI's attempted arrest of Jonathan Pollock on June 2021 and his nearly 2.5 year flight from prosecution, (b) the establishment of a monetary reward for information leading to Jonathan Pollock's apprehension; (c) Jonathan Pollock's arrest at the same time and in the same location as Hutchinson and Olivia Pollock, and (d) Jonathan Pollock's statements to the FBI Special Agent and Task Force Officer who were transporting him following his arrest (the "agents").   Specifically, the government intends to introduce evidence that Jonathan Pollock:

(1) asked the agents where they had screwed up and how the FBI had located them;

(2) stated that they had used countermeasures to stay hidden from law enforcement;

(3) asked the agents how high his reward money was;

(4) stated that he should have turned himself in to collect the reward money; and

(5) stated that his followers were loyal for not turning him in to law enforcement.

This evidence is admissible because the government does not offer it for the purpose of proving any of the defendants' character or character traits.   Rather, the government offers this evidence for the purposes of demonstrating the defendants' identities, Hutchinson and Olivia Pollock's motivation, intent, and plan with respect to their failures to appear, and Jonathan Pollock's consciousness of guilt.   Fed. R. Evid. 404(b).   Consistent with well-established precedent, admission of this proffered "other acts" evidence is proper because the prejudicial effect from its admission does not substantially outweigh its probative value.

## RELEVANT FACTUAL BACKGROUND

The following recitation of facts is intended to provide the Court with a specific and detailed summary of the incidents relevant to this motion and trial. It is not, however, an exhaustive list of every fact obtained throughout the government's investigation.

In the days prior to January 6, 2021, the defendants traveled from the Lakeland, Florida area to Washington, D.C. with a group of friends and family, including their two co-defendants, Joshua Doolin and Michael Perkins.   After attending then-President Trump's rally at the Ellipse and the National Mall, the defendants and others proceeded to the Capitol.   There, they crossed the restricted perimeter that had been established around the Capitol grounds that day and committed several offenses, including assaults on police officers who were protecting the Capitol building.   *See* ECF Nos. 1, 302 (Counts 1-24).

All three defendants were initially charged by complaint in June of 2021. ECF No. 1.   On June 30, 2021, the FBI arrested Hutchinson in Georgia and the FBI attempted to execute arrest warrants for Jonathan Pollock and Olivia Pollock at the Pollock Family residence in Lakeland, Florida (the "Pollock Residence").   Olivia Pollock was arrested without incident, but Jonathan Pollock was not present at the Pollock Residence and was not apprehended.

A grand jury returned an Indictment against the defendants on July 1, 2021.   ECF No. 8. On July 8, 2021, Hutchinson and Olivia Pollock each had their initial appearance in the District of Columbia.   Both Hutchinson and Olivia Pollock were released pending trial, subject to bond conditions that included GPS location monitoring.   ECF Nos. 21, 23.   This Court set Olivia Pollock's trial for March 6, 2023 and Hutchinson's trial for August 7, 2023.   *See* Minute Entry, July 28, 2022 (setting trial for Hutchinson, Perkins, and Olivia Pollock for Mar. 6, 2023); Minute Order, Jan. 25, 2023 (severing Hutchinson's trial); Minute Entry, Feb. 14, 2023 (setting trial for Hutchinson for Aug. 7, 2023).   At the end of February 2023, within a few days of each other, both Olivia Pollock and Hutchinson tampered with their GPS monitors and fled.   *See* ECF Nos. 208, 210.   Neither appeared for trial on their respective trial dates.   *See* Minute Entry, Mar. 6, 2023 (calling case for trial, noting that Olivia Pollock was not present); Minute Entry, Aug. 7, 2023 (calling case for trial, noting that Hutchinson was not present).

In connection with its efforts to locate Jonathan Pollock, the FBI put up billboards in the Tampa, Florida area displaying Jonathan Pollock's picture – taken from video footage from the vicinity of the Capitol on January 6, 2021 – and asking members of the public to contact the FBI with information regarding his whereabouts.   The FBI also generated "Wanted" posters for Jonathan Pollock, which included images of Jonathan Pollock from January 6, 2021 as well as

from other sources.   The FBI also offered a monetary reward in exchange for information leading to Jonathan Pollock's arrest.   After approximately six months, the amount of the reward was increased.   Nevertheless, the FBI's efforts to locate Jonathan Pollock were unsuccessful until January 6, 2024 – when he, Hutchinson, and Olivia Pollock were all arrested at a ranch in Groveland, Florida.

A grand jury returned a Second Superseding Indictment against the defendants on March 13, 2004, which added counts charging violations of 18 U.S.C. § 3146(a)(1) against Olivia Pollock (Count Twenty-Five) and Hutchinson (Count Twenty-Six).   ECF No. 302.

## ARGUMENT

### A.  APPLICABLE LAW

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895

F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original))

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of Rule 404(b) evidence is permitted in the Government's case-in-chief. Specifically, the Government is entitled to anticipate the Defendants' denial of the relevant issue for which the 404(b) evidence is offered (for example, intent or knowledge) and to introduce such evidence in its case-in-chief. *See United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b)] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as 'handiwork" of the defendant "should be introduced

in the Government's case-in-chief").

### B.  THE PROFFERED EVIDENCE IS APPOPRIATE RULE 404(B) EVIDENCE

Jonathan Pollock's statements to the transporting agents are highly probative of his identity.   In admitting to the agents that he is the individual for whom the reward was offered (and whose "followers" could therefore have reported him to law enforcement), he conceded that he is the individual charged in this case.   Further, Jonathan Pollock's arrest at the same location and time as Hutchinson, his co-defendant and friend, and as Olivia Pollock, his co-defendant and sister, also corroborates the identities of all three defendants: The presence of each along with the other two make it more likely that each is, and all three are, the defendants charged in this case.

Jonathan Pollock's presence at the ranch with Hutchinson and Olivia Pollock, in the context of his lengthy evasion of law enforcement, is also probative of Hutchinson and Olivia Pollock's intent, motive, and plan with respect to their failures to appear for trial.   For two co-defendants to disable their GPS monitors within two days of each other, and then eventually be apprehended with a third co-defendant who had evaded law enforcement for two and a half years indicates that their failure to appear was no mistake or misunderstanding, but was a coordinated and intentional effort to join Jonathan Pollock, who, at the time of Hutchinson and Olivia Pollock's flight had successfully avoided apprehension for more than a year and a half.

In addition, the fact of Jonathan Pollock's flight, its prolonged nature, and his efforts to evade law enforcement are strong evidence of his consciousness of guilt regarding the charged offenses.   *See, e.g.*, *United States v. Clark*, 565 F. App'x 4, 5 (D.C. Cir. 2014) ("The testimony concerning [the defendant's] absence [from Washington, D.C. following the offense] was probative of [the defendant's] flight and consciousness of guilt."); *United States v. Abu Khatallah*,

No. 14-CR-00141 (CRC), 2017 WL 11493960, at *5 (D.D.C. Sept. 7, 2017) ("One reasonable inference that can be drawn from the defendant's decision to increase security . . . is that the defendant feared American forces would seek to capture him. . . . From there, it is reasonable to conclude that the defendant committed an act that would cause the American government to seek to capture him."); *Cf. United States v. Brazel*, 102 F.3d 1120, 1153-54 (11th Cir.1997) (threats made by defendant to cooperating co-conspirator in holding cell was properly admissible under Rule 404(b) as evidence showing "consciousness of guilt").

In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendants. Fed. R. Evid. 403. Any potential prejudice is not unique to this case—where the government has shown a permissible non-propensity purpose—but is simply that endemic to all Rule 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210). But prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. The defense must instead show "compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence. And here, where the "other acts" the government seeks to introduce are not past convictions, there is even less risk of unfair prejudice. Further, the D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible

and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d
at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).
Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal
prejudice can be addressed through an appropriate limiting instruction, its admission is
appropriate.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    DC Bar No. 481052

DATED: August 26, 2024    By:    */s/ Benet J. Kearney*
                    Benet J. Kearney
                    NY Bar No.474048
                    Anna Krasinski
                    NH Bar No. 276778
                    Assistant United States Attorneys

                    Brendan Ballou
                    Special Counsel
                    DC Bar No. 241592

                    United States Attorney's Office
                    601 D Street NW
                    Washington, DC 20530
                    (212) 637 2260 / (202) 431-8493 / (202) 809-2058
                    benet.kearney@usdoj.gov
                    anna.krasinski@usdoj.gov
                    brendan.ballou-kelley@usdoj.gov