IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 21-CR-0447-1 (CJN) |
| | * | |
| **JONATHON POLLOCK,** | * | |
| **Defendant.** | * | |

*******

## MOTION TO SUPPRESS STATEMENTS AND REQUEST FOR A HEARING

Jonathan Pollock, by his undersigned counsel, hereby respectfully moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by him, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial. In support whereof, Mr. Pollock alleges as follows:

1. Discovery produced by the United States alleges that Mr. Pollock made various statements while being arrested and in custody.

2. Discovery does not disclose that Mr. Pollock was advised of his rights to remain silent guaranteed under the Fifth Amendment to the United States Constitution and *Miranda v. Arizona,* 384 U.S. 436 (1966) and its progeny; see also *Rhode Island v. Innis*, 446 U.S. 291, 300 - 01 (1980) ("We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.").

4. It is not clear that Mr. Pollock waived his Fifth Amendment rights knowingly and voluntarily.

5. Accordingly, this motion seeks to exclude all statements that the government may seek to introduce at trial that were allegedly made by Mr. Pollock while in the process of being arrested, detained or in custody at any time in connection with the investigation and prosecution of the instant case, where he was neither advised of his rights to remain silent nor knowingly and voluntarily waived those rights.

6. Any and all such alleged statements were obtained in violation of Mr. Pollock' privilege against self-incrimination, his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966). The statements were otherwise involuntary.

7. Mr. Pollock is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in *Dickerson v. United States*, 530 U.S. 428 (2000).[1]

### REQUEST FOR A HEARING

Mr. Pollock respectfully requests a hearing on this motion.

---

[1] In *Dickerson v. United States*, 530 U.S. 428 (2000), the Supreme Court affirmed *Miranda*, and held that 18 U.S.C. § 3501 is unconstitutional insofar as it overruled *Miranda*. This motion assumes that the procedures specified in Section 3501 to determine voluntariness of a statement that are not in conflict with *Miranda* survive.

**WHEREFORE**, as a result of the Constitutional violations alleged herein, Mr. Pollock respectfully requests that this Court enter an Order suppressing any and all statements made by him.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
MD Trial Bar No. 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant **MOTION TO SUPPRESS STATEMENTS** was served on all counsel of record via ECF this 3rd day of September, 2024 and by first class mail on defendant Hutchinson.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**