**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 21-cr-0447-1 (CJN)** |
| | * | |
| **JONATHAN POLLOCK,** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\***

**MOTION IN LIMINE TO EXCLUDE VIDEO EXHIBITS THAT**
**DO NOT DIRECTLY INVOLVE OR DEPICT MR. POLLOCK**

Mr. Pollock, through undersigned counsel, respectfully moves in limine to exclude videos and lengthy video montage exhibits from trial under Fed. R. Evid. 401 and 403.

Some of the videos the government seeks to introduce do not depict Mr. Pollock and do not reflect that Mr. Pollock was within viewing distance of the events contained in the videos. The government has also created multiple video montage exhibits for use in January 6 trials. The videos have relatively high production values. These usually included one or more exhibits referenced as a U.S. Capitol Police Montage that run over 20 minutes in length. The purpose of the exhibit is to walk the fact-finder through a highlight reel of the most inflammatory moments of January 6 caught on film in dozens of places around the Capitol. The montages depict image after image of property destruction, confrontations with law enforcement, and assault. The government appears to play these one-size-fits-all montages in every trial, regardless of whether the defendant was involved in or even saw any of the depicted episodes and abetted the property destruction or assaults depicted in the montages. To analyze the U.S. Capitol Police Montages through the rubric of the Federal Rules of Evidence is to miss a larger point. The montage is not merely improper evidence; it invites the Court to ignore the basic criminal law principle forbidding collective punishment, that defendants are to be

judged as individuals.

Mr. Pollock moves to exclude such exhibits under Rule 401 and 403 as these montages are not relevant and unduly prejudicial, confuse the issues and cause undue delay, waste of time and needlessly present cumulative evidence in violation of FED. R. EVID. 401 and 403. Slickly produced videos of things which did not involve Mr. Pollock are irrelevant in this case and confuse the issues.

Similarly, the Court should exclude the "Official Proceeding Montage." Like the U.S. Capitol Police Montage, the Official Proceeding Montage is an one-size-fits-all video, designed for use in every January 6 trial regardless of the facts or allegations in the particular case. Its function is to explain to the fact-finder the constitutional basis for the joint session of Congress on January 6, describe the Elector Clause of and the Twelfth Amendment to the Constitution, and to show the President of the Senate and the Speaker of the House gaveling the joint session in and out of recess on January 6. The Official Proceeding Montage is irrelevant without first establishing that Mr. Pollock had any knowledge of the Elector Clause or the events transpiring in the joint session of Congress and are thus likely to have minimal relevance and high probability of confusing the issues and creating undue prejudice. Moreover, in this particular case, it is not clear that Mr. Pollock entered the United States Capitol such that events that were taking place or to take place inside the Capitol are not relevant. Even if the exhibits were somehow marginally relevant, any probative value would be substantially outweighed by undue delay, waste of time, and needless presentation of cumulative evidence.

WHEREFORE, for the reasons set forth above, Mr. Pollock respectfully requests that this Honorable Court exclude videos and video montages that do not depict Mr. Pollock himself and do not otherwise reflect that Mr. Pollock observed the events transpiring in such videos.

Respectfully submitted,
/s/
**Carmen D. Hernandez**
Bar No.  MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 3rd day of September, 2023 and via first class mail on Mr.  Hutchinson.

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**