UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-00447 (CJN) |
| | : | |
| JONATHAN DANIEL POLLOCK, | : | |
| JOSEPH DANIEL HUTCHINSON, III, | : | |
| OLIVIA MICHELE POLLOCK, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SECOND NOTICE OF INTENT TO INTRODUCE EVIDENCE**

The defendants – Jonathan Daniel Pollock ("Jonathan Pollock"), Joseph Daniel Hutchinson III ("Hutchinson"), and Olivia Michele Pollock ("Olivia Pollock") – are charged in the Second Superseding Indictment, ECF No. 302, with multiple offenses arising out of their conduct at the U.S. Capitol on January 6, 2021. Hutchinson and Olivia Pollock are also charged in the same instrument with failing to appear for their respective trial dates in 2023 after both removed their GPS monitoring devices and fled. All three defendants were arrested at a ranch in Florida – Hutchinson and Olivia Pollock for the second time – on January 6, 2024. The government hereby provides notice[1] that it intends to introduce evidence regarding two additional times that Hutchinson's GPS monitoring device was broken. Specifically, the government intends to introduce evidence from Hutchinson's Probation Officer that:

(1) On October 19, 2021, the Probation Office received a tamper alert and Hutchinson's Probation Officer was required to replace the strap to Hutchinson's GPS device because

---

[1] The deadline for filing 404(b) notices was August 26, 2024. The government learned of the information contained in this notice on September 11, 2024, during an interview with Hutchinson's Supervising Probation Officer and promptly filed the instant notice. The government will supplement discovery with a report detailing that interview once that report is completed by the FBI.

   the strap was broken; and

 (2) On October 30, 2021, the Probation Office received a tamper alert and Hutchinson's Probation Officer was required to replace the Hutchinson's GPS device because the device was broken and appeared tampered with.

This evidence is admissible because the government does not offer it for the purpose of proving any of the defendants' character or character traits. Rather, the government offers this evidence for the purposes of demonstrating Hutchinson motivation, intent, plan, and absence of mistake with respect to his failure to appear. Fed. R. Evid. 404(b). Consistent with well-established precedent, admission of this proffered "other acts" evidence is proper because the prejudicial effect from its admission does not substantially outweigh its probative value.

## RELEVANT FACTUAL BACKGROUND

  The following recitation of facts is intended to provide the Court with a specific and detailed summary of the incidents relevant to this motion and trial. It is not, however, an exhaustive list of every fact obtained throughout the government's investigation.

  In the days before January 6, 2021, the defendants traveled from the Lakeland, Florida area to Washington, D.C. with a group of friends and family, including their two co-defendants, Joshua Doolin and Michael Perkins. After attending then-President Trump's rally at the Ellipse and the National Mall, the defendants and others proceeded to the Capitol. There, they crossed the restricted perimeter that had been established around the Capitol grounds that day and committed several offenses, including assaults on police officers who were protecting the Capitol building. *See* ECF Nos. 1, 302 (Counts 1-24).

  All three defendants were initially charged by complaint in June of 2021. ECF No. 1. On

June 30, 2021, the FBI arrested Hutchinson in Georgia and the FBI attempted to execute arrest warrants for Jonathan Pollock and Olivia Pollock at the Pollock Family residence in Lakeland, Florida (the "Pollock Residence"). Olivia Pollock was arrested without incident, but Jonathan Pollock was not present at the Pollock Residence and was not apprehended. Hutchinson had his initial appearance in the district in which he was arrested – the Middle District of Georgia – on June 30, 2021 and on July 1, 2021, was released subject to conditions that included home detention enforced by GPS monitoring.[2]

A grand jury returned an Indictment against the defendants on July 1, 2021. ECF No. 8. On July 8, 2021, Hutchinson and Olivia Pollock each had their initial appearance in the District of Columbia. Both Hutchinson and Olivia Pollock were released pending trial, subject to bond conditions that included GPS location monitoring (and home detention with respect to Hutchinson). ECF Nos. 21, 23.

Hutchinson met with his Probation Officer on July 6, 2021, to review his conditions of release and get his GPS monitoring device. During that meeting, Hutchinson reviewed and signed a GPS Participant Agreement where he agreed "not to remove or tamper with the GPS tracker."

On October 19, 2021, Hutchinson's Probation Officer received a tamper alert notifying him that there was an issue with Hutchinson's GPS monitoring device. According to the Probation Officer, Hutchinson claimed that he had fallen while standing on a bucket and that the strap broke during the fall. The Probation Officer noticed that the strap looked like it had been under pressure and cracked. Ultimately, the Probation Officer replaced the strap.

---

[2] Olivia Pollock had her initial appearance in the Middle District of Florida on June 30, 2021, and was released that same day subject to conditions that included GPS monitoring.

On October 30, 2021, the Probation Officer received a tamper alert notifying him that there was an issue with Hutchinson's GPS monitoring device. According to the Probation Officer, he called Hutchinson to ask about the device. Hutchinson initially said that there was nothing wrong with the device and asked how the Probation Officer knew there was an issue with the device. Hutchinson then told the Probation Officer that it looked like the device came apart. The Probation Officer stated that, when he viewed the device, it looked like prongs on the device had been pulled back to release the strap from the inside:



*Images 1 (left) and 2 (right):* photographs taken by Hutchinson's Probation Officer on October 30, 2021, depicting Hutchinson's GPS bracelet

The Probation Officer replaced the entire device.

This Court set Olivia Pollock's trial for March 6, 2023, and Hutchinson's trial for August 7, 2023. *See* Minute Entry, July 28, 2022 (setting trial for Hutchinson, Perkins, and Olivia Pollock for Mar. 6, 2023); Minute Order, Jan. 25, 2023 (severing Hutchinson's trial); Minute Entry, Feb. 14, 2023 (setting trial for Hutchinson for Aug. 7, 2023). At the end of February 2023, within a few days of each other, both Olivia Pollock and Hutchinson tampered with their GPS monitors and

4

fled. *See* ECF Nos. 208, 210. Neither appeared for trial on their respective trial dates. *See* Minute Entry, Mar. 6, 2023 (calling case for trial, noting that Olivia Pollock was not present); Minute Entry, Aug. 7, 2023 (calling case for trial, noting that Hutchinson was not present). Hutchinson's Probation Officer found Hutchinson's GPS device in a tinfoil-wrapped bucket on a dead-end road miles away from Hutchinson's residence:



*Images 3 (left) and 4 (right):* photographs taken by Hutchinson's Probation Officer depicting a bucket wrapped in tinfoil containing Hutchinson's GPS bracelet

A grand jury returned a Second Superseding Indictment against the defendants on March 13, 2004, which added counts charging violations of 18 U.S.C. § 3146(a)(1) against Olivia Pollock (Count Twenty-Five) and Hutchinson (Count Twenty-Six). ECF No. 302.

### ARGUMENT

A.  **APPLICABLE LAW**

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v.*

*Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

6

Admission of Rule 404(b) evidence is permitted in the Government's case-in-chief. Specifically, the Government is entitled to anticipate the Defendants' denial of the relevant issue for which the 404(b) evidence is offered (for example, intent or knowledge) and to introduce such evidence in its case-in-chief. *See United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b)] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as 'handiwork" of the defendant "should be introduced in the Government's case-in-chief").

### B. THE PROFFERED EVIDENCE IS APPOITRIATE RULE 404(B) EVIDENCE

Hutchinson's prior experiences with his GPS monitoring device are highly probative of his intent and plan to flee from prosecution. They demonstrate that Hutchinson was trying to learn how to defeat the device and to learn how the Probation Office received notice about issues with the device. Further, it shows that Hutchinson's GPS device was not removed by mistake or by accident.

In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendants. Fed. R. Evid. 403. Any potential prejudice is not unique to this case—where the government has shown a permissible non-propensity purpose—but is simply that endemic to all Rule 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the

7

indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210). But prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. The defense must instead show "compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence. And here, where the "other acts" the government seeks to introduce are not past convictions, there is even less risk of unfair prejudice. Further, the D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

DATED: September 11, 2024    By:    */s/ Anna Z. Krasinski*
        Anna Krasinski
        NH Bar No. 276778
        Benet J. Kearney
        NY Bar No.474048
        Assistant United States Attorneys

        Brendan Ballou
        Special Counsel
        DC Bar No. 241592

United States Attorney's Office
601 D Street NW
Washington, DC 20530
(603) 451-7851/ (212) 637 2260 / (202) 809-2058
benet.kearney@usdoj.gov
anna.krasinski@usdoj.gov
brendan.ballou-kelley@usdoj.gov

## **CERTIFICATION**

I, Anna Krasinski, certify that to serve the parties, their counsel, and standby counsel, that I am electronically filing this pleading with the Clerk of the Court using the CM/ECF system, and am separately mailing this filing to the defendant Joseph Daniel Hutchinson III.

/s/ *Anna Z. Krasinski*
Anna Z. Krasinski